William Lubwell Lee of Green-Spring in James City County, by his last Will, devised and bequeathed “to the President, Masters and Professors of William and Mary College, and their successors in office forever, five hundred Winchester Bushels of Indian Corn, which is to be paid to them annually on the 25th day of December, for the use and benefit of a free school to be established in the centre of James City County;” — adding a clause in the following words, viz: “one thousand acres of the Hot Water Tract of Land is by my desire to stand pledged forever, for the full *and complete execution of this devise; — the bounds of which are to be designated by clear and obvious metes, within twelve calendar months after my decease.”
The Will contained sundry other devises and bequests, of which several were pecuniary and to a large amount. In every instance of a pecuniary legacy, payment “by the Executors,” was particularly directed.
The following provisions were made concerning the testator’s slavesItem, my will and desire is, that all my negro slaves may, on the first day of January next, be emancipated; that those who have arrived at the age of puberty, and who chuse it, may be allowed to settle on such part of my Hot Water lands as my executors may designate, where I wish comfortable houses to be built for them at the expence of my estate, with a sufficiency of Indian corn to be allowed from the same for their support for one -year, and that they be allowed to retain such tenements and settlements, for ten years, tree from any rent or charge whatever. I give to Joe a Blacksmith all the tools in my blacksmith’s shop, with the use of the shop, free from rent, during his natural life. AH those under age of eighteen years, I request my executors to remove to some one of the United States North of the Potowmac, where they may receive such an education as may be suited to their several capacities, at the expence of my estate; by which I trust they may be enabled to acquire an honest 'and comfortable support.”
All the residue of his estate, whether real, personal or mixed, not heretofore in this instrument devised, was given to his sisters Portia Hodgson and Cornelia Lee, to be equally divided between them and the heirs of their bodies forever, &c., with a contingent limitation, by which the same might ultimately vest in Henry Lee eldest son of General Henry Lee, and his heirs forever.
The President and Professors of William and Mary College filed their bill in the Superior Court of Chancery for the Richmond District against William Hodgson (who alone qualified as Executor,) and the said residuary ^devisees; contending that the estate generally was liable for the annual delivery of the Corn bequeathed to the College; and that the pledge of one thousand acres of the Hot Water Tract of Land was only an additional security.
The defendants by their answers insisted, that the Complainants had no right to demand payment out of any other part of the estate; but that the said legacy ought to be held and taken as a rent, or annual, to be raised out of the said land; and that the Executor had caused the said one thousand acres to be laid off for the use of the Complainants under the said bequest, but they had not been willing to receive the same.
The cause was finally heard September 24th, 1808, when Chancellor Taylor “being of opinion, that the 500 bushels of Indian corn devised by 1 the said testator to the plaintiffs for the use and benefit of a free school to be established in James City County, should be charged on the said one thousand acres of land only, and not on the whole estate of the said testator, lest it might deprive some or all of the manumitted slaves of the testator of that liberty secured to them by his benevolence and humanity, which is supposed to have been an act no less meritorious than the establishment of a free school; and if to deprive them of their freedom would be against the clear and obvious intention of the testator, it is supposed equally clear, upon principle, that other objects of his bounty should not be disturbed;” and it being admitted, by the plaintiffs, that the one thousand acres of land in the bill mentioned had been laid off and allotted by the defendants to the plaintiffs agreeably to the last Will and testament of the said William L. Lee; it was therefore decreed, that the Bill, so far as it required satisfaction out of the other parts of the testator’s estate, be dismissed with costs. And this decree was affirmed by the Court of Appeals, on the 2d of March, 1818.